## WILLIAM A. HOWELL *et al.*

*v.*

## JONAH MORLAN.

1. JUDGMENT—*entering nunc pro tunc.* The entry of a judgment *nunc pro tunc* is proper when a judgment had been ordered at the proper term, but the clerk has failed or neglected to enter it upon the record.

2. BILL OF EXCEPTIONS—*presumption in respect to evidence heard.* Where the court orders the entry of judgment at a term subsequent to that at which the verdict is returned, as of the proper term, and the record shows that evidence was heard upon the motion, but the bill of exceptions fails to give the same, it will be presumed that the evidence justified the action of the court.

3. WHARFMAN—*liability for not obeying instructions as to whom goods are to be shipped.* Where grain was delivered to wharfingers, to be shipped to a certain party in New Orleans, where certain rates could be had, and, before shipment, they were notified not to ship to such party, but to another, which they neglected to do, but shipped according to the first direction, and the price of the grain was lost, in consequence of the insolvency of the consignee, it was *held*, that the wharfingers were liable to the shipper for its value.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

This was an action of assumpsit, by Jonah Morlan, against William A. Howell, James W. Millspaugh and Charles Carroll, partners, to recover for the loss of a lot of oats. The ·opinion of the court gives the material facts of the case.

Messrs. BOWMAN & WASSON, for the appellants.

Messrs. CREBS & CONGER, and Mr. R. W. TOWNSHEND, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the circuit court of Gallatin county, against appellants, to recover for a quantity of oats which were delivered to appellants, as wharfingers, to be forwarded, as claimed by appellee, to John T. Moore & Co., of New Orleans, which order appellants failed to observe, but shipped the oats, to another party, who failed, in consequence of which the oats were lost.

The venue of the cause was changed to White county, where, at the November term, 1873, a trial was had before a jury, which resulted in a verdict in favor of appellee for $433.23.

The court overruled a motion for a new trial, but omitted to enter a formal judgment upon the verdict. An appeal was prosecuted to the June term, 1874, of this court, which was, on motion, dismissed, for the reason the record failed to show a final judgment rendered in the circuit court.

Appellee then served a notice upon appellants that application would be made at the November term, 1874, of the circuit court, to have the record completed and judgment entered upon the verdict of the jury. When the court convened, the motion was entered and allowed, and judgment rendered upon the verdict, to reverse which this appeal has been prosecuted.

It is conceded by appellants, in their argument, that if judgment had been pronounced on the verdict at the November term, 1873, but through the omission of the clerk, or for other cause, had not been entered upon the record, it would have been competent for the court, at a subsequent term, to have ordered the judgment to be entered *nunc pro tunc;* but they insist no judgment was pronounced upon the verdict at

the term it was returned by the jury, and that the court was powerless to act at a subsequent term.

The position of appellants is not, however, sustained by the record. The bill of exceptions embodied in the record, upon this point, is in the following language: "And now comes the plaintiff, by his counsel, and enters his motion herein to re-docket this cause, and to complete the record herein; whereupon, evidence having been heard in open court, it was ordered by the court that the clerk of this court enter the judgment of the court as *rendered* upon the verdict of the jury at the November term of this court, A. D. 1873, *nunc pro tunc.*"

From this clause of the record, it is apparent that judgment had been pronounced upon the verdict when it was returned by the jury, and the clerk had omitted to spread it upon the record. What evidence there was before the court that such was the fact, the bill of exceptions does not disclose; but the bill of exceptions affirmatively shows that evidence was heard, and, as appellants have failed to preserve the evidence in the bill of exceptions, we will presume it was sufficient to sustain the decision of the court.

The best evidence of the fact would have been the minutes of the judge, entered upon his docket, and, as we are left in the dark as to the character of evidence resorted to, we must presume the court heard the best evidence, and such as fully established the fact that judgment had been pronounced upon the verdict at the term it was returned into court.

If, then, it be true, as disclosed by the record, that judgment was entered upon the verdict at the term it was returned into court by the jury, and the clerk omitted to write up the judgment in the record, the court, at a subsequent term, undoubtedly had the power to order the judgment entered *nunc pro tunc.*

In Freeman on Judgments, sec. 61, the author says: "The entry of a judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court, but the clerk has

failed or neglected to copy it into the record." See, also, *Hagler* v. *Mercer*, 6 Florida, 721.

This in no manner conflicts with the doctrine announced in *Cook* v. *Wood*, 24 Ill. 295, and subsequent decisions on the same subject, in which it has been held that, where a judgment has been rendered and entered upon the record of the court, the term closed and court adjourned, the same court which rendered the judgment can not exercise any supervisory power over it at a subsequent term, except to amend, in a mere matter of form, on notice to the opposite party.

In the case before us, the court did not modify, alter or amend the judgment, but only, by order, upon notice to appellants, required the clerk to enter upon the record the judgment of the court, which the clerk had failed or omitted to record.

The next question presented arises upon the evidence, which it is claimed was not sufficient to authorize a recovery.

The oats in question were shipped by appellee, from Enfield, Ill., about the first of December, 1872, on the Springfield and Illinois Southeastern Railroad, to C. C. Twitchell, of New Orleans, in care of appellants, at Shawneetown. Appellants were, at the same time, directed not to forward the grain from Shawneetown until they could ship at freight rates of not more that 30 cents per 100 pounds.

While the oats were in the possession of appellants, at Shawneetown, and about the first of January, 1873, appellee testified he wrote a letter to Howell, Millspaugh & Co., appellants, and directed them to change the shipment of the oats from C. C. Twitchell to John T. Moore & Co. The letter was directed to appellants, at Shawneetown, stamped and placed in the hands of the U. S. mail agent, on the mail train going to Shawneetown, on the Springfield and Southeastern Railroad, which train would reach Shawneetown in about two hours from the time the letter was mailed.

Appellants, in order to rebut the presumption that they had received the letter, and had been notified to change the

shipment of the oats from Twitchell to Moore & Co., called James W. Millspaugh, one of appellants, who testified he had charge of the correspondence of the firm, and that he received no letter from appellee on the subject.

Under this evidence, it is urged, the jury were not justified in finding that appellants were notified to change the shipment of the oats.

It was a question of fact for the jury to determine whether appellants were notified, while they held the oats, to change the shipment from Twitchell to Moore & Co., and we are not prepared to say the finding upon this point was against the weight of evidence.

Had the three appellants, who composed the firm, been sworn, and had each one testified the letter was not received, then it might have been urged with more plausibility that the case made by the testimony of appellee was successfully met, but the mere fact that one member of the firm did not receive the letter, although he had charge of the correspondence of the firm, was not sufficient to overcome the evidence of appellee. For aught that appears, one of the other members of the firm may have received the letter, and failed to call the attention of the one in charge of the books to the fact.

We are, therefore, of opinion the evidence before the jury was sufficient to warrant them in arriving at the conclusion that appellants were notified to consign the oats to Moore & Co. This direction they failed to observe, and Twitchell, to whom they shipped the oats, having failed, the loss must fall upon them.

The law is so well settled that a consignor of goods has the right to direct a change in their destination, and that the carrier is bound to obey such directions, or be liable for all loss that may occur, that it is unnecessary to refer to authorities in support of the position. *Lewis* v. *The Galena and Chicago Union Railroad Company,* 40 Ill. 281.

Exceptions were taken to two instructions given for appellee, and to the refusal of the court to give one on behalf of appellants. Upon a careful examination of the instructions, we are satisfied the law involved in the case was substantially given to the jury.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*