Bradbury, J.
This court, in October, 1894, held that the record of the circuit court did not show that that court had obtained jurisdiction of the defendant in error. That being true the plaintiff in error had no standing in the court, for it could not, in the method it pursued, bring the defendant in error into this court except through the circuit court and it had wholly failed to bring him into that court. Upon a representation by the plaintiff in error that it was entitled to a nunc pro tunc order of the circuit court, curing this omission, the dismissal was set aside to enable it to procure such order.
Thereupon the plaintiff in error applied to the circuit court for an order nunc pro tunc, which application was in the following terms: “And now comes the said The Cleveland Leader Printing Company, and says that said defendant, Arnold Green, appeared in this case in this court in the hearing of the same in person and by his attorney at the January term of this court, to wit, on the 19th day of June, 1891, but that the record in this case fails to sufficiently show such appearance, and the plaintiff asks that such deficiency may be supplied and the record corrected accordingly by the proper order of this court, ” * * * etc.
The defendant in error moved the circuit court to require the application to be made definite and certain, 1. By setting forth the acts of defendant in error which were claimed to constitute an appearance by him in the circuit court. 2. By stat *490 ing whether some finding, not before made by the court, was wanted, or whether the court was to ascertain some fact before found- by it, but not recorded.
This motion was overruled, to which ruling the defendant in error excepted.
Good practice doubtless requires that in such proceedings the party against whom relief is prayed, should be apprised clearly of the character of the relief sought, as well as the facts and circumstances upon which the applicant rests his claim to such relief. This application, when tried by that test, is faulty; for it affords no notice to the defendant in error of any specific act or acts done, either by himself or by his counsel, 'that in law constitute an appearance in the circuit court, nor did it state, with reasonable precision the relief sought. However, as the record discloses that no evidence was adduced when the motion was heard upon the. facts, but that the court rested its findings thereon solely upon the recollection of two of its members, the defendant was not prejudiced by its refusal to make the motion definite and certain. The action of the court, resting as it did, upon the recollection of its members, must have been the same whether the motion had been sustained or overruled.
The circuit court found- that the journal entry, at the February term, 1891,‘ ‘fails to show that the defendant in error appeared in person or by his attorney at the hearing of said cause, and it further appearing to the court by the personal knowledge of the court which hqard said cause, that said defendant in error-did personally and by his attorney appear in said cause, and was present at the hearing of the same, it is therefore adjudged *491 and ordered that the journal entry be, and the same is, hereby corrected and amended, ” etc.
This finding of the court, as well as in the motion asking - the court to make the finding, it will be observed, does not show that at the original hearing, in 1891, the attention of the circuit court was called to the question, or that it was then required to find the manner by, or the method in, which jurisdiction over the person of the defendant in error- had been acquired. And if we may believe the sworn statements made by the defendant in error and his counsel, the fact is that no such finding was then requested by plaintiff in error, or made by the circuit court.
If the defendant in error had been served with legal process, if he had formally entered his appearance in the proceedings, or if in person or by counsel he was present and participated in the hearing, jurisdiction over his person would have been thereby acquired. In order to establish jurisdiction the record should disclose at least some one of such acts. This it could not truthfully do unless the court had first found that such action was had. This action, though usually formal, is absolutely necessary and must be made at the time the hearing is had. The fact of jurisdiction over the person of the defendant, and consequently the validity of a judgment for. or against him, should not depend, as it did in the case under consideration, for over three years, upon the personal recollection of a judge or judges, unless there exists some strong necessity therefor.
Rights established by the judgments of judicial tribunals are generally regarded as resting upon the firmest foundations, and this, mainly, because of the confidence reposed in their inviolability. *492 The power to affect their operation or change their import by nunc pro tunc orders, should be'exercised with caution and circumspection. Hyde v. Curling et al., 10 Mo., 363.
In some states the power is denied to the courts unless their action is supported by written memorandum. Hyde v. Curling et al., 10 Mo., 359; Limerick, petitioners, 18 Me., 183; Belkin v. Rhodes, 76 Mo., 643.
This view of the question was taken by this court in an early case. The heirs of Ludlow v. Johnson, 3 Ohio, 553, on page 578, Judge Hitchcock uses the following language in this connection : “But to introduce parol testimony to prove the proceedings of a court of record, and then substitute this testimony for the record itself, would be a novel proceeding. It would be equally absurd as to sustain an action of debt upon bond, upon proof that the defendant promised to make such an instrument, * * * although the fact
should be admitted that the instrument was never executed.” In the cases, since 3 Ohio, 553, was decided, wherein this court has had occasion to consider questions concerning nunc pro tunc entries, such entries have been supported to some extent-by written memorandums. Bothe v. Railroad Co., 37 Ohio St., 147; Moore v. Brown, 10 Ohio, 197; Markward et al. v. Doriat, 21 Ohio St., 637; Mitchell v. Thompson, 40 Ohio St., 110; Benedict v. The State, 44 Ohio St., 679.
Notwithstanding the rule which requires that the power to make a nunc pro tunc entries should be used with circumspection, this court has been liberal in sustaining such orders where the power to make them exists. Dial v. Holter, 6 Ohio St., 228.
*493 Whether a case might not arise in which this court would recede from the doctrine, before alluded to, announced by Judge Hitchcock, in 3 Ohio 553, by declaring the necessity of some written memorandum to support a finding nunc pro tunc, we need not determine; nor are we required to reaffirm the doctrine of that case, because we rest the decision of this causé upon the- ground that the circuit court had no jurisdiction to make the order in question.
The office of a nunc pro tunc entry, of the class under consideration, is to record some act of the court done at a former term, which was not then carried into the record, but it should not be employed to secure at a subsequent term, a performance by the court, of some act which the applicant failed to have the court do at the term* in which a final judgment had been rendered and entered. Doubtless a court retains jurisdiction of its records, and may correct them so as to make them set forth whatever act the court performed in a cause, at a prior term; but in the absence of some statutory provision its jurisdiction of the cause terminates with the term at which a final judgment is entered.’ Were the rule otherwise, the stability of judgments would be destroyed; they would be found, not alone in the records of the court, but in those records and the memory of the judge combined.
The authorities which support this view of the office of a nunc pro tunc order, of the class under consideration, are numerous. “After the close of the-term, it is holden, that the court can enter no order nunc pro tunc, unless one was actually made, and omitted to be entered.” Lorbet v. Coffin, 6 Ohio, 33; Long v. Long, 85 N. C., 417; Limerick, pe *494 titioners, 18 Me., 183; Nabers, Admr. v. Meredith, et al., 67 Ala., 333; Smith v. Hood & Co., 25 Pa. St., 218; Howell et al. v. Morlan, 78 Ill., 162-165; Perkins v. Dunlavy et al., 61 Tex., 241; Whitwell et al v. Emory, 3 Mich., 84; Gibson v. Chouteau's Heirs, 45 Mo., 171.
. We have seen that the order under consideration does not purport to find that the court did some act at a former term which was not recorded. Instead it is an attempt to have the court, at a term in 1894, find a fact which it might have found at a term held three years before, if then required to consider it. No judicial action upon the question was then invoked, and when it was afterwards invoked, the cause had passed into final judgment, and beyond the jurisdiction of the court, and its action was without authority.

Petition in error dismissed.

Spear, J., not sitting.