## William Metzger et al. v. Stephen K. Morley.

1. JUDGMENTS—*Entry of Nunc Pro Tunc.*—When the clerk of a trial court fails to enter of record in proper form a judgment pronounced by the court, the court has power at a subsequent term to order it done nunc pro tunc.

2. AMENDMENTS—*Of Records, After the Close of the Term.*—Courts have the power to amend their records so as to make them speak the truth, and although as a general rule amendments of records will not be allowed after the close of the term at which they are made, unless it can be shown from memoranda, *quasi* records of the court, judge's minutes of the previous term, some entry in some book required to be kept by law, or the papers on file in the case, that a mistake has been made or that the record is not full enough to speak the truth.

3. PRESUMPTIONS—*Where the Bill of Exceptions Fails to Show that It Contains All the Evidence.*—In the absence of something in the bill of exceptions to the contrary, it will be presumed that the trial court had evidence before it, sufficient to justify its finding.

Assumpsit.—Appeal from the Circuit Court of DeWitt County; the Hon. WILLIAM G. COCHRANE, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

A. E. DEMANGE, attorney for appellants; GEO. K. INGHAM, of counsel.

V. WARNER, attorney for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This cause was tried by a jury in the court below at its December term, 1898, and a verdict rendered in favor of appellee against appellants for $1,521.09. The court pronounced a judgment upon the verdict, but the clerk failed to enter it of record in proper form, and appellants prosecuted an appeal to this court. The appeal was dismissed on motion of appellee upon the ground that it did not appear from the record that final judgment had been rendered. Metzger et al. v. Morley, 83 Ill. App. 113. From the order dismissing the appeal appellants prosecuted an appeal to the Supreme Court, which affirmed the judgment of this court. Metzger et al. v. Morley, 184 Ill. 81. Appellee, after giving notice to appellants, then presented a motion to the Circuit Court at its March term, 1900, for an order directing the clerk to enter of record, *nunc pro tunc,* as of the day when the judgment was rendered (December 6, 1898,) in proper form, the judgment that was rendered and pronounced. After hearing evidence and argument in favor of and in resistance of the motion, the court found "that on the 6th day of December, A. D. 1898, at a regular term of said court, on the verdict of the jury in said cause, the court pronounced and rendered a judgment in favor of the plaintiff and against the defendants for the sum of fifteen hundred and twenty-one and nine one-hundredths dollars ($1,521.09) damages and costs of said cause, and that the clerk of said court failed to enter of record said judgment in full and proper form." The court sustained the motion and ordered the clerk to enter of record a judgment as of the 6th of December, 1898, which was done accordingly. From that order appellants now prosecute this appeal.

It is contended that appellee was estopped from showing that a judgment in his favor was in fact rendered and pronounced on the 6th of December, 1898, and from having the same entered of record as of that date, because of the position taken by him in the Appellate and Supreme Courts. Appellants contend that the position assumed by him in those courts was that no judgment was rendered or entered, and having secured a dismissal of the appeal upon that ground, he can not be heard to urge afterward that a judgment was in fact rendered.

An examination of appellee's motion does not show that he moved to dismiss the appeal upon the ground that no judgment was rendered, but it was upon the ground, with others, that no valid judgment was " entered." At no time did he contend in this court that no judgment had in fact been pronounced. His motion was based upon the defective condition of the record. True, in the printed argument filed in the Supreme Court by his attorneys, it is stated that they moved to dismiss the appeal because it did not appear that a judgment had been rendered or entered, but it would hardly be safe to hold him estopped by what his attorneys may have said inadvertently by way of argument. There is no ground for applying the doctrine of estoppel to him.

While it is true that parol testimony will not be heard to prove that a judgment was pronounced at a previous term of court or heard in support of a motion to enter a judgment *nunc pro tunc*, the fact that such judgment was pronounced at a previous term may be shown by the judge's minutes of any other *quasi* record of the court, and be made the basis of a motion and order on the clerk to write up and enter a judgment as of the date when it was pronounced. Courts have the right to amend their records so as to speak the truth; and although as a general rule amendments will not be allowed after the close of the term at which they were made, they may be so amended, if it can be shown from memorandam, from *quasi* records of the court, by the judge's minutes of the previous term, some entry in some book

required to be kept by law, or the papers on file in the case, that a mistake has been made or that the record is not full enough to speak the truth. The People ex rel., etc., v. Quick et al., 92 Ill. 580; Tynan v. Weinhard, 153 Ill. 598; Howell et al. v. Morlan, 78 Ill. 162.

The court heard evidence on the motion, and in the absence of something in the bill of exceptions to the contrary, will be presumed to have seen enough in the files, court memoranda, minutes of the judge, or other *quasi* records, to justify the finding that a judgment for $1,521.09, was in fact pronounced and rendered on the verdict on December 6, 1898. The bill of exceptions filed herein has no recital or statement that it contains all the evidence heard by the court on motion. We must presume, therefore, that the court had before it competent and ample proof to support the finding and order. Howell et al. v. Morlan, 78 Ill. 162; Lagow v. Robeson, 167 Ill. 615.

Judgment affirmed.