# CHARLESTON.

### J. R. CLIFFORD v. CITY OF MARTINSBURG.

Submitted April 25, 1916.    Decided May 2, 1916.

1. MOTIONS—*Orders—Entries Nunc Pro Tunc.*

    A clerical omission to enter an order actually made and essential to the maintenance of a judgment, against an attack upon it by appellate procedure, may be remedied by a *nunc pro tunc* entry thereof, after the expiration of the term at which the judgment was rendered and after the award of a writ of error to it. (p. 288).

2. EMINENT DOMAIN — *Streets — Alteration of Grade — Damages — Permanence.*

    Damages to property abutting upon a street, occasioned by the raising of the grade of the street above the elevation of the lot, so as materially to impair the right of access thereto and depreciate the market value of the property, are permanent in their nature.   (p. 288).

3. ACTION—*Joinder of Causes—Temporary and Permanent Damages.*

    With a count in a declaration for such damages, a count for temporary damages occasioned by the collection and deposit of surface waters upon the lot, resulting from the alteration of the street, may be joined.  (p. 288).

Error to Circuit Court, Berkeley County.

Action by J. R. Clifford against the City of Martinsburg. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*H. H. Emmert* and *Paul H. Martin,* for plaintiff in error.

*Downey & Henson,* for defendant in error.

POFFENBARGER, JUDGE:

Defendant in error recovered a judgment against the City of Martinsburg for $350.00 as damages to his property, occasioned by an improvement of a street, which raised the grade thereof considerably above the elevation of his lot.

At the dates of the rendition of the judgment and allowance of the writ of error, the record of the proceeding disclosed no disposition of the demurrer to the declaration nor any

plea or joinder of issue. To cure this defect, fatal if not remedied, a *nunc pro tunc* order was entered by the trial court, about a year after the date of the judgment and some time after the award of the writ of error, showing the demurrer had been overruled, a plea entered and issue joined, and reciting a direction for entry thereof at the date of said proceedings and inadvertant omission thereof by the clerk. By way of amendment, it was, therefore, entered, October 13, 1915, for and as of September 18, 1914. The application for this relief, made, September 21, 1915, was resisted by the defendant, and entry of the order delayed at its request. Its presence is further evidenced by its exception to the entry thereof.

The amendment thus made did not reverse, vacate, alter or impeach anything done in the case, supply any omitted judicial action, nor impair the judgment rendered. On the contrary, it made the record correctly disclose what had actually been done, and it sustains the judgment which, but for the correction, would have to be reversed. Thus to supply an interlocutory order inadvertantly omitted by the clerk, is an act of much less importance than the entry, *nunc pro tunc,* of a final judgment actually rendered and so omitted, a practice sanctioned by this court. *Cole et al.* v. *State,* 73 W. Va. 410; *Schoonover* v. *B. & O. R. Co.,* 69 W. Va. 560. An interlocutory order may be so entered before final judgment. *Vance* v. *Railway Co.,* 53 W. Va. 338. After a final decree and allowance of an appeal therefrom, an amendment may be made to sustain it. *Gauley Coal Land Ass'n.* v. *Spies,* 61 W. Va. 19.

Presumptively, the amendment was made upon proper and sufficient evidence. The defendant was in court and excepted to the entry of the order and it has not shown lack of such evidence by any bill of exception or otherwise. *Cole et al.* v. *State,* cited.

As the declaration and proof both show the street in front of plaintiff's lot was so raised as materially to interfere with access to it and thus greatly to depreciate its market value, as well as to subject it to inundation by accumulated waters, on occasions of rain, the injury clearly gives right, under our decisions, to permanent damages for the raising of the grade

in front of the property. *Godbey* v. *City of Bluefield*, 61 W. Va. 604; *Blair* v. *City of Charleston*, 43 W. Va. 62. To unite, in a declaration for such damages, a count for temporary damages occasioned by collection of surface water and the casting of the same upon the lot in a body, does not violate any rule of procedure. Both injuries are torts and relate to the same property.

The assignments of error pertaining to rulings upon instructions are founded upon the erroneous assumption as to the character of the damages, wherefore the conclusion above stated renders them untenable. They are not criticized on any other ground and no error is perceived in them.

An assignment of error predicated upon the exclusion of a fatally defective record of a tax sale, offered to show lack of title in the plaintiff, is clearly untenable.

Being free from error, the judgment will be affirmed.

*Affirmed.* .