# CHARLESTON.

## *Ex Parte* CHARLES W. COON.

Submitted January 25, 1918.   Decided January 25, 1918.

1. COURTS—*Correction of Records—Nunc Pro Tunc Order.*

    As a general rule a court may at any time before or after final judgment upon sufficient evidence by nunc pro tunc orders correct its records so as to make them speak the truth as to what was actually done in any suit or proceeding therein.  (p. 533).

2. SAME—*Correction of Records—Nunc Pro Tunc Order—Criminal Case.*

    And such rule may be applied also in criminal cases, at least when involving mere formal or clerical errors or omissions, or mistakes in the entry of the clerk concerning matters of procedure.  (p. 533).

3. SAME—*Correction of Records—Nunc Pro Tunc Order—Notice.*

    But to be valid and binding on him the party against whom such amendment is proposed is entitled to reasonable notice and an opportunity to be heard upon the motion to so amend or modify the record.  (p. 533).

4. SAME—*Correction of Records—Nunc Pro Tunc Order—Presumption.*

    Presumptively such nunc pro tunc orders have been based on sufficient evidence, and when so entered after notice, will not be disturbed except by some showing in the record rendering them invalid.  (p. 536).

5. SAME—*Continuance—Nunc Pro Tunc Order—Grounds.*

    And in a criminal case the minute of the trial judge in a docket or memorandum kept by him, supported by his personal recollection, and the affidavits of the attorneys engaged on both sides of the case, such evidence being in no way impeached, constitutes a sufficient basis on which to predicate nunc pro tunc orders of continuance.  (p. 536).

Original habeas corpus by Charles W. Coon against M. Z. White, Warden, etc.

*Prisoner remanded.*

*G. W. Atkinson* and *H. W. Houston,* for petitioner.

*E. T. England,* Attorney General, *Henry A. Nolte,* Assistant Attorney General, and *B. Kemp Littlepage,* Prosecuting Attorney, for respondent.

MILLER, JUDGE:

Having been indicted, tried and convicted of murder in the Intermediate Court of Kanawha County, the petitioner by writ of habeas corpus seeks his discharge from imprisonment in the penitentiary, to which he was sentenced by the judgment of said court.

The grounds alleged and sought to be sustained by the record of the judgment of imprisonment aforesaid are, that he was indicted at the January term, 1915, of said court, and that thereafter and before he was put upon his trial at the January term, 1917, and when he was called upon, but refused to plead to said indictment, three regular terms of said court had elapsed without his having been brought to trial, due to no lawful excuses therefor, and that by virtue of section 25, of chapter 159, of the Code, he was illegally tried and convicted and that the said judgment of imprisonment was therefore illegal and void, and by virtue of the statute he was entitled to be forever discharged from custody, and from further prosecution on said indictment.

The record of said Intermediate Court, as it appeared when the original petition was filed, and the present writ was awarded, would fully support the petitioner's contention, and as construed in *Ex parte Chalfant,* 81 W. Va. 93, 93 S. E. 1032, and *Ex parte Anderson,* 81 W. Va. 171, 94 S. E. 31, the statute relied on would entitle the petitioner to his discharge.

But the original return to the writ by the Warden of the Penitentiary while justifying the custody of the petitioner by the judgment of imprisonment, also shows that since the writ was awarded, namely, on January 16, 1918, the said Intermediate Court of Kanawha County, without notice to the petitioner, or his presence in court, had undertaken by two orders entered nunc pro tunc to correct the record, so as to show the fact that at the January and April terms, 1915, of said court, the latter being one of the terms relied on by petitioner, continuances, though not previously appearing of record, had been granted upon the motion of the petitioner and at his instance, and that, therefore, the case was brought directly within one of the exceptions of the

statute relied on for his discharge, and that he was, therefore, estopped and precluded by the record as amended from setting up as grounds for his discharge the continuance of his case at the April term, 1915, of said court, and shown by one of said orders of January 16, 1918.

These orders so amending the record do not show on their face upon what evidence they were predicated, but along with the record and in support thereof are filed the affidavit of the judge of said court, and with which he exhibits his original docket or memorandum kept by him on a calendar of The Prudential Insurance Company of America, and in which under the date January 18, 1915, is this memorandum in pencil "charley Coon, cond by Deft"; and under date May 24, 1915, the following: "Charles Coon, cond by Deft", and the judge in his affidavit swears that orders of continuances on the motion of petitioner in accordance with said memorandum were in fact actually made, but that by the omission, error or misprision of the clerk they were inadvertently omitted from the record. There was also filed with said return the affidavit of the attorney of the petitioner who represented him in said court verifying the facts shown by the affidavit and docket of the judge. The petitioner objected to said amended record, and to the affidavits tendered in support thereof, but on the original hearing offered no evidence denying or contravening the facts set forth therein.

The grounds of his objection were first, that the court was without jurisdiction after final judgment and the end of the term to so alter or amend the record; second, because said nunc pro tunc orders were made in his absence and without notice to him of said motion and an opportunity to be heard thereon; third, because the record of said orders does not show on what evidence, if any, they were based, and fourth, that the memorandum of the judge, and of his recollection, were not competent evidence on which to so alter or amend the record, wherefore said orders should be disregarded on this hearing.

On the first proposition, it is well settled by our own decisions, and by the majority of the decisions of the courts everywhere, that upon proper evidence the court may at any

time before or after final judgment, by nunc pro tunc orders correct the record so as to make it speak the truth as to what was actually done. *Clifford* v. *City of Martinsburg,* 78 W. Va. 287; *State* v. *Gibson,* 67 W. Va. 548, and cases cited; *Gauley Coal Land Association* v. *Spies,* 61 W. Va. 20; *Chester* v. *Graves* (Ky.) 38 Ann. Cas. 1915D, 678, and elaborate note where all the decisions on the subject, federal and state, are collected, including those stating the so called minority rule.

While this general rule has almost universal application in civil causes, it is doubtful whether it may be properly applied in criminal cases, so far as correcting the final judgment of conviction and imprisonment is concerned; but that it is applicable to mere formal or clerical errors or omissions, or mistakes in the entry of the clerk concerning matters of procedure in criminal cases, the general rule is equally applicable, and it was applied by this court in *State* v. *Gibson,* *supra,* and perhaps also in other cases. See, also *Smith* v. *District Court,* 132 Iowa 603, 11 Ann. Cas. 296, citing numerous cases illustrating the application of the rule in criminal cases.

On the second proposition, that said orders were made in the absence of petitioner, and without notice to him, or an opportunity to be heard thereon, we think the point of objection is well founded. We have no statute directly controlling the subject, but in a matter so important and particularly in a criminal case, we think a defendant or party is entitled to notice and an opportunity to be heard. Such would appear to be the rule of common right and justice, and though not specifically provided for, nor distinctly covered by sections 1 and 5, of chapter 134, of the Code, the proceedings there prescribed calling for notice of motions to correct errors should by analogy be followed in cases of this character. While this question does not seem to have been put directly in issue, the right to notice, even in civil cases, is recognized in *Clifford* v. *City of Martinsburg, supra,* and in *Gauley Coal Land Association* v. *Spies,* cited, point 3 of the syllabus, and in criminal cases by the practice observed in *State* v. *Gibson, supra.* Of course as upon almost all other questions there is conflict of judicial decisions on this ques-

tion. In accord with the rule we would adopt upon the subject are the cases of *Cooper* v. *State,* 47 Fla. 21; *Knefel* v. *People,* 187 Ill. 212, 79 Am. St. Rep. 217; *People* v. *Flanigan,* 174 N. Y. 356; *Re McQuown,* (Okla.) 11 L. R. A. (N. S.) 1136.

On the third ground, namely, that the records of said orders do not show upon what evidence they are based, the rule of our decisions seems to be that presumptively such orders have been supported by sufficient evidence, and certainly this is the rule where the party against whom the correction was made had notice or was present when the orders were made. *Clifford* v. *City of Martinsburg, supra,* page 288; *Cole* v. *State of West Virginia,* 73 W. Va. 410.

On the fourth and last proposition that the memorandum of the judge and his own recollection of the fact were not sufficient evidence upon which to base the orders of correction, we think petitioner and his counsel are in error. As was said in *Clifford* v. *City of Martinsburg, supra,* "to supply an interlocutory order inadvertently omitted by the clerk, is an act of much less importance than the entry, nunc pro tunc, of the final judgment actually rendered and so omitted." Such was the character of orders of continuance involved here. *Scott* v. *Newell,* 69 W. Va. 118; *Vance* v. *Railroad Co.,* 53 W. Va. 338. In *Howell* v. *Morlan,* 78 Ill. 162, 164, it was decided that the best evidence of the fact in such cases is the minutes of the judge entered upon his docket. *In re Wight, Petitioner,* 134 U. S. 136, the order was entered apparently upon the bare recollection of the judge. The correctness of that decision has been questioned, particularly in Alabama and Missouri, where the more rigid rule has been applied, of limiting such power to cases where the evidence is contained in some paper actually filed in the cause, or in some record or book required by law to be kept by the judge or other officer of the court. But the rule which we have followed and which seems to have the approval of the greater number of courts is that such nunc pro tunc order may be made upon any legal and competent evidence. 1 Freeman on Judgments, (4th ed.) sections 61-63; *Meranda* v. *Spurlin,* 100 Ind. 380, 385; *Howell* v. *Morlan, supra; Gagnon* v. *United*

*States,* 193 U. S. 451; *Chester* v. *Graves, supra,* and notes. What we have said on this proposition should be limited, especially in criminal cases, to interlocutory orders such as we are dealing with in this case, and we are constrained to observe that generally courts ought not to so amend their records except upon clear and satisfactory proof of the fact.

Having reached these conclusions, we were of opinion not to discharge the petitioner, without having given the State an opportunity, which was done, to correct the record, after notice to the petitioner. Notice was so given, and evidence on the motion has been certified here by the Intermediate Court. It satisfies us beyond doubt that the amendment again ordered was made upon sufficient evidence. That evidence consists of the minute or memorandum of the judge already referred to, the personal recollection of the judge duly certified, and the testimony of the prosecuting attorney, and his assistant, supplemented by the testimony of the prisoner's counsel. This evidence is clear and satisfactory, and is not seriously affected by the evidence introduced by the petitioner. He controverts the fact of his being present on May 24, 1915, when the continuance was had on his motion, but one of his witnesses, his brother, admits his presence in court on that day, but not at the particular time when action was taken, and furthermore that on that day he learned from prisoner's counsel that the case had been continued.

Such being the present status of the case and the prisoner now having had notice of the motion to amend the record, and an opportunity to be heard thereon, with the aid of counsel appointed by the court, our conclusion is to deny the writ, and to remand him to the custody of the Warden of the Penitentiary, and it will be so ordered.

*Prisoner remanded.*