# CHARLESTON.

STATE *ex rel.* MIKE KOTISH *et al. v.* HON. L. S. SCHWENCK, *Judge*

(No. 6056)

Submitted September 7, 1927.   Decided September 13, 1927.

MANDAMUS—*Substantial Compliance Will Ordinarily Satisfy Writ of Mandamus.*

Substantial compliance will ordinarily satisfy a writ in mandamus.

·(Mandamus, 38 C. J. § 723.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the State, on the relation of Mike Kotish and others, for mandamus, to be directed to Hon. L. S. Schwenck, Judge of the Criminal Court of Marion County.

*Case dismissed.*

*L. C. Musgrave,* for relators.
*M. W. Ogden,* for respondent.

HATCHER, PRESIDENT:

The petition in this case alleges that upon an indictment charging the petitioners with a felonious assault, they were found guilty by a jury in the Criminal Court of Marion county; that on October 31, 1925, an order was entered by the trial court which recited that the petitioners had been sentenced to the penitentiary for four years, but which did not actually so sentence them; that later the petitioners un-

availingly moved the court to enter a final order in that respect; that by virtue of the order of October 31, the petitioners had been transported to and were then confined in the penitentiary; that the order of October 31 was not a final order, or one to which a writ of error would lie. The petition prayed that the trial judge be commanded ''to enter a final order of record, sentencing your petitioners in accordance with the law of the State of West Virginia upon the verdict of the jury as returned in this case, or to show cause if any he can why he should not do so.'' An alternative writ of mandamus was issued by this court on July 12, 1927, in accordance with the prayer of the petition.

The return of the trial judge was filed September 2, 1927. It admits that the order of October 31 omitted the actual sentence of the court, but alleges and, by several exhibits filed with the return, shows that sentence of four years confinement in the penitentiary was actually pronounced on the petitioners then, and that the omission of the sentence from the order was merely an inadvertence. The return further shows that after notice to the attorney for petitioners, the trial judge, on motion of the prosecuting attorney, did, on August 2, 1927, enter a *nunc pro tunc* order containing the sentence pronounced by the court on October 31. A copy of the order of August 2 is exhibited with the return. After reciting the motion of the prosecuting attorney, the notice to the attorney of petitioners, the filing of certain affidavits, and the finding that sentence had been actually pronounced on petitioners on October 31, 1925, the order proceeds as follows: ''It is, therefore, ordered that the records of this Court be corrected so that the sentence imposed upon said defendants on said 31st day of October, 1925, be now entered for then, and that said defendants, Mike Kotish and Danish Melish, be confined in the penitentiary of this State at Moundsville for a period of four (4) years and treated in the manner prescribed by law.''

Counsel for petitioners protested the entry of the *nunc pro tunc* order before the trial judge, on the ground that notice to him of the proposal to enter the order was not sufficient, but that such notice should have been sent to petitioners,

and that they should be present in person when the court corrected the order of October 31. The same contention is again made here. Counsel relies upon *Ex parte Coon,* 81 W. Va. 532 (535). From an examination of that case, it would seem that the better practice supports the contention of counsel as to the manner in which a *nunc pro tunc* order should be entered. But does the failure of the trial court to follow the procedure approved in *Ex parte Coon* prejudice the petitioners in this case? We do not think so. The prayer of the petitioners is to have final sentence pronounced against them. The *nunc pro tunc* order pronounces that sentence. Since the order contains what they sought, the petitioners cannot now justly complain because the order was entered in a manner different from that which they contemplated and demanded. We are of opinion that the trial court has substantially complied with our writ. Substantial compliance will ordinarily satisfy a writ in mandamus.

The case will therefore be dismissed.

*Case dismissed.*