JOHN SHIRK, Appellant, *v.* OLIVER TRAINER, Appellee.

APPEAL FROM JO DAVIESS.

Where a suit is pending before a justice of the peace, arbitrators may be chosen, and a judgment rendered upon their award; but unless a suit is pending, a justice cannot acquire jurisdiction. Because a justice of the peace prepares a submission to arbitrators, the Circuit Court does not thereby get jurisdiction of the controversy by an appeal.

THIS was an appeal from the Jo Daviess Circuit Court. The cause was tried before Sheldon, Judge, and a jury, at December term, 1857, of the said court.

LELAND & LELAND, for Appellant.

W. H. L. WALLACE, for Appellee.

WALKER, J. It appears from the record in this case, that the parties went before a justice of the peace of Jo Daviess county, and selected three arbitrators, and the justice drew for them the agreement of submission, swore the arbitrators and witnesses, at their request. The arbitrators heard the evidence, and awarded that there was due from Shirk to Trainer the sum of fifty-five dollars, and that Shirk pay the same. That Shirk prayed an appeal to the Circuit Court, which was granted. It also appears that when the arbitrators were selected, no suit was pending between the parties before the justice. The cause was tried on the award in the Jo Daviess Circuit Court, by the court and a jury, at the March term, 1857, which resulted in a verdict in favor of Trainer for fifty-five dollars. Shirk entered a motion for a new trial, and also in arrest of judgment, which were overruled, and a judgment rendered on the verdict, from which defendant appealed to this court.

The only question which we deem necessary to determine is, whether the Circuit Court had jurisdiction to try this cause and render the judgment.

The 43rd sec., 59th chap. R. S. 1845, p. 321, provides: "That, in all cases, the parties to a suit before a justice of the peace shall have the privilege of referring the difference between them to arbitrators, mutually chosen by them, who shall examine the matter in controversy, and make out their award thereon in writing, and deliver the same to the justice, who shall enter the said award on his docket, and give judgment according thereto." It will be perceived from this provision of the statute, that to authorize the selection of arbitrators, and the rendition of a judgment on their award, there should be a suit pending before the justice. The justice of the peace could acquire jurisdiction to render a judgment on an award in no other way. In this case, there was no such suit pending, nor was there any judgment rendered on the award by the justice of the peace. The statute allowing appeals from justices of the peace to the Circuit Court only authorizes them to be prosecuted from judgments. There is no authority given to appeal from the award of arbitrators; and the Circuit Court can only derive jurisdiction to review a decision of an inferior court by appeal

or certiorari, and has no power to review the decision of arbitrators by either of these modes. The Circuit Court acquired no jurisdiction of the subject matter by the service of its process, as in case of an appeal. The only mode by which it could do so was by an original proceeding, by an appropriate action on the award or submission, or by the parties voluntarily entering their appearance, and consenting that the court should try the cause. The Circuit Court did not acquire jurisdiction in either of these modes. It was the duty of the court, on discovering that the justice of the peace had no jurisdiction of the subject matter at any stage of the proceeding, to have dismissed the case. *Allen* v. *Belcher*, 3 Gilm. R. 596.

If the party has any remedy in this case, it is by action on the submission or the award of the arbitrators, and he must be left to seek it in that mode.

The Circuit Court erred in rendering the judgment in this case, and it must be reversed.

*Judgment reversed.*