# THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

### *v.*

## OLIVER WINGLER, Admr.

*Filed at Springfield April 3, 1897.*

1. JUDGMENTS AND DECREES—*when courts may enter judgment at a subsequent term.* Courts have no power to enter a judgment *nunc pro tunc* as of a previous term, unless a judgment was in fact rendered at the previous term which was not entered of record through some fault, neglect or oversight.

2. SAME—*fact that judgment was pronounced at former term must appear of record.* The fact that a judgment was pronounced at a previous term but not entered must appear by some minute or memorial paper in the record itself, and cannot be proved by the memory of witnesses or the personal recollection of the judge.

3. PRACTICE—*proper order on appeal from judgment erroneously entered.* Where all proceedings in a trial up to the entry of judgment are regular, but the judgment is erroneously entered at a subsequent term *nunc pro tunc,* upon reversal, on appeal, on that ground, leave will be given to appellee to move for the entry of a proper judgment on the verdict.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

JNO. A. GRAY, and WALKER & LANDAUR, for appellant.

G. L. MILLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Third District, affirming a judgment of the circuit court of Fulton county in favor of appellee, against appellant. The trial took place at the December term, 1895, when a verdict was returned in favor of appellee, who was plaintiff in the suit. A motion for a new trial was made by defendant and overruled, and to this ruling

the defendant excepted. A motion in arrest of judgment was then interposed, and upon said motion being overruled by the court, defendant prayed an appeal to the Appellate Court, which was allowed on filing a bond within seventy days. No judgment was entered at that term and the case went off from the docket. At the succeeding March term, 1896, plaintiff entered his motion to re-docket the case, and to have judgment upon the verdict of the jury entered *nunc pro tunc* as of said December term, 1895. The motion was allowed, the cause re-docketed, judgment entered *nunc pro tunc*, and time for filing an appeal bond was extended to April 10, 1896.

It is well settled that a court has no right to enter a judgment *nunc pro tunc* at a subsequent term unless the judgment was in fact rendered at the previous term, and was not entered of record through some fault, neglect or oversight; and in such case the fact that the court did give judgment at the previous term can only be proved by some memorial paper or minute in the case made at such former term. The judgments and records of courts cannot rest in parol or upon so uncertain a foundation as the personal recollection of the judge or any other person, and the fact that a judgment was rendered at a former term cannot be determined from the memory of witnesses or the personal recollection of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was in fact pronounced it cannot be so entered. (*Coughran* v. *Gutcheus*, 18 Ill. 390; *Dougherty* v. *People*, 118 id. 160; *Ayer* v. *City of Chicago*, 149 id. 262; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh*, 150 id. 607; *Tynan* v. *Weinhard*, 153 id. 598.) What is meant by a memorial paper or minute is fully explained in *Dougherty* v. *People*, *supra*, and *Tynan* v. *Weinhard*, *supra*. It must be made and preserved as a part of the records of the court pursuant to law.

The order for the entry of the judgment at the subsequent term recited as follows: "And the court having

heard the evidence in open court and upon personal recollection of the presiding judge of said court, it is ordered by the court that the clerk of this court enter the judgment of the court as rendered upon the verdict of the jury at the December term, 1895, of this court, *nunc pro tunc.*" If the bill of exceptions did not show an entire want of evidence aside from the personal recollection of the judge, the entry of the judgment might be sustained by virtue of the presumption that the court heard competent evidence which sustained the order. This was done in *Howell* v. *Morlan,* 78 Ill. 162, and *Gebbie* v. *Mooney,* 121 id. 255. But in this case the defendant at the time tendered its bill of exceptions, which was signed and sealed by the judge, showing that there was no evidence before the court on the hearing of the motion, and that the motion was granted entirely upon the personal recollection of the judge that he gave judgment at the previous term, and there is nothing in the record which in any manner aids or tends to justify the action of the court. The original bill of exceptions taken at the December term does not recite a judgment or exception thereto. So far as appears from the entire record of that term the appeal was prayed from the order overruling the motion for a new trial. The appeal bond provided for at that term had not been filed prior to the order in question, so that there was no showing that the proposed appeal was from any judgment. There is no escape from the conclusion that the court was without power to enter the judgment *nunc pro tunc* as of the previous term. The rule forbidding such a practice is too well settled to admit of question, and must have the approval of all persons interested in judicial records.

The judgments of the Appellate Court and circuit court are reversed, and the cause is remanded to the circuit court with leave to appellee to move for the entry of a proper judgment on the verdict.

*Reversed and remanded.*