ROBERT B. CAMERON, Plaintiff in Error, *vs.* CHARLES CLINTON *et al.* Defendants in Error.

*Opinion filed October 28, 1913.*

1. COURTS—*the judge can enter no order in vacation not authorized by statute.* Courts can exercise judicial functions only at such times and places as are fixed by law, and judges of courts can enter no orders in vacation except such as are expressly authorized by statute.

2. PRACTICE—*approval of decree is the authority of the clerk to enter it of record.* The practice in Illinois is for the solicitor of the party in whose favor a decree is pronounced to write it out in due form and submit it to the chancellor for approval, which is the clerk's authority to enroll it or enter it upon the record.

3. SAME—*when entry of decree in vacation is error.* Where a cause is heard in term time and an order entered that "upon consideration of the evidence a decree is entered as per draft to be filed," but there is nothing to show in whose favor the decree is entered or what the decree is, or that the cause has been taken under advisement or that the parties have agreed to the entry of a decree in vacation, it is error to permit a decree to be entered long after the adjournment of the term, even though it is entitled as of the previous term and is filed on a date in vacation "as of" a date in the previous term.

4. SAME—*what does not amount to an impeachment of record.* Where the record shows that a decree was not entered until long after the adjournment of the term at which the cause was heard, the fact that the decree is entitled as of such term does not so establish the time of its entry as to make it an impeachment of the record to hold that it was not entered until after the term.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. DUANE J. CARNES, Judge, presiding.

BENJAMIN F. HERRINGTON, for plaintiff in error.

ALDRICH & WORCESTER, A. H. SWITZER, and FRED C. G. SCHMIDT, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error sued out by plaintiff in error for the reversal of a decree of the circuit court of Kendall county. The ground urged for reversal is that the cause was heard at the April term, 1911, of the Kendall county circuit court but no decree was entered at that term; that afterwards, on the second day of August, 1911, the draft of a decree was filed in the office of the circuit clerk as of May 3, 1911, which was the day the hearing was concluded, and that the case was not taken under advisement and no consent of plaintiff in error was obtained to the entry of a decree in vacation.

The record shows that plaintiff in error filed a "bill in equity" in the circuit court of Kendall county to the April term against Charles Clinton and others, and that C. H. Spangler filed a bill for partition to the same term against plaintiff in error and the same parties who are made defendants in his bill. By agreement of the parties the two cases were consolidated for hearing. The bills are not copied in the record. The record shows that on the third day of May, 1911, the hearing was concluded, "and upon consideration of the evidence a decree is entered as per draft to be filed." Thereupon court adjourned until June 6, 1911, and on that date, another judge presiding, court adjourned until June 28, 1911, on which date the judge who heard the cause presided and adjourned the term until court in course. An order was entered that all cases not otherwise disposed of were continued. The decree copied in the record is entitled of the April term, 1911, and recites that the consolidated causes were heard on the third day of May. The decree recites that plaintiff in error is

in possession of certain real estate described, but that he has no right, title or interest, by way of possession or otherwise, in said premises; that Charles Clinton, one of the defendants to the bill of plaintiff in error, did not enter into a contract with him, as alleged in his bill. The decree further finds that plaintiff in error has no right, title or interest in certain railroad bonds described, and his bill is dismissed for want of equity. A decree for partition is entered upon the bill of C. H. Spangler. This decree bears the signature of the judge who presided at the hearing, and the notation, "Filed August 2, 1911, as of May 3, 1911." From this record it appears that no decree was entered of record during the April term, but that the draft of the decree was presented for record to the clerk of the court on the second day of August, which was in vacation, and was by him filed on that day as of the day the hearing was concluded at the April term and entered of record. No memorial paper or minute appears showing what the decree to be entered "as per draft to be filed" was or in whose favor it was. The cause was not taken under advisement and there was no stipulation for the entry of a decree in vacation.

The practice in this State has always been for the solicitor of the party in whose favor a decree is pronounced to write it out in due form and submit it to the chancellor for approval, which is the authority of the clerk to enroll it or enter it upon the record. (*Stevens* v. *Coffeen*, 39 Ill. 148; *Hurd* v. *Goodrich*, 59 id. 450; *Horn* v. *Horn*, 234 id. 268.) In *Hughs* v. *Washington*, 65 Ill. 245, the court heard the evidence in a chancery cause on the sixth day of May, 1871, and, it was claimed, announced his decision in favor of complainants, but in October following, and before any decree was rendered or enrolled, a fire destroyed the court house and all the papers, pleadings and evidence in the case. By agreement of counsel the pleadings were restored and defendants moved for time to re-take and re-

store all the destroyed evidence before a decree should be passed and recorded. The motion was denied, and the court, from memory of the evidence, pronounced a decree, which was duly enrolled. No other question than the entry of the decree under the circumstances stated is referred to in the opinion of this court, which reversed the decree. The court said, in substance, that a decree is inchoate until it is approved by the chancellor and filed for record or recorded; that the oral announcement by the chancellor of his decision and the grounds upon which it is based, or reducing them to writing, is no more than minutes taken, and the whole matter is completely under the control of the chancellor until the decree has been filed or recorded, and that is the time the case is decided. The court referred to the right of every litigant to appeal from a decree for the purpose of testing the correctness of the conclusions arrived at by the chancellor, and said that the motion of the defendants to restore the evidence should have been granted and the evidence allowed to be supplied before the decree was passed and filed. "It was the only means by which their right of appeal could be rendered availing to the parties." In *Bruce* v. *Doolittle,* 81 Ill. 103, a judgment was reversed solely because the court, after hearing the evidence, adjourned for the term, and the judgment was entered in vacation without the consent of the party against whom it was entered. Courts can exercise judicial functions only at such times and places as are fixed by law, and judges of courts can enter no orders in vacation except such as are expressly authorized by statute. (*Blair* v. *Reading,* 99 Ill. 600.) In *Chicago, Burlington and Quincy Railroad Co.* v. *Wingler,* 165 Ill. 634, the court said: "It is well settled that a court has no right to enter a judgment *nunc pro tunc* at a subsequent term unless the judgment was, in fact, rendered at a previous term and was not entered of record through some fault, neglect or oversight, and in such case the fact that the court did give judgment at

the previous term can only be proved by some memorial paper or minute in the case made at such former term. The judgments and records of courts cannot rest in parol or upon so uncertain a foundation as the personal recollection of the judge or any other person, and the fact that a judgment was rendered at a former term cannot be determined from the memory of witnesses or the personal recollection of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was, in fact, pronounced, it cannot be so entered." Paragraph 65 of chapter 37 of Hurd's Statutes of 1911 authorizes a judge of the circuit court or superior court of Cook county to enter a judgment or decree in vacation when the cause is taken under advisement and decided in vacation, and paragraph 66 provides that if it is stipulated of record that a judgment or decree so entered of record (*i. e.*, in vacation,) shall be final, such judgment or decree shall have the same force and effect as if it had been entered at the term preceding, subject to the right of appeal or writ of error.

Defendants in error make no denial that the decree was, in fact, not entered of record until August 2, but insist that as it is entitled as of the April term it would be, in effect, impeaching the record to say it was not entered at that term. With this we cannot agree. As we view it, the record shows the decree was not entered until August 2, which was long after the adjournment of the April term, at which the cause was heard. The decree contains no order for a certificate of evidence or for an appeal, and we cannot give our approval to a practice that would be so prejudicial to a defeated litigant.

The decree is reversed and the cause remanded.

*Reversed and remanded.*