# Nellie Gary, Defendant in Error, v. John H. Senseman, Plaintiff in Error.

1.   JUDGES—*when order by judge not hearing case entered without jurisdiction.*   Where after the hearing upon an appeal to the Circuit Court from a petition filed in the County Court to set aside an executor's final report and requiring the trustee appointed in the will to make a ·report showing how the trust funds were invested and for general relief, and after the matter had been taken under advisement, an amended petition was filed containing radical changes in the relief prayed from that contained in the original petition, a subsequent order entered by a judge other than the trial judge, overruling a motion to strike the amended petition and granting the prayer of the petition was entered without jurisdiction.

2.   JUDGES, § 8*—*when order in, vacation entered without jurisdiction.*   Where after the hearing upon an appeal to the Circuit Court from a petition filed in the County Court to set aside an executor's final report and requiring the trustee appointed in the will to make a report showing how the trust funds were invested and for general relief, and after the matter had been taken under advisement, an amended petition was filed containing radical changes in the relief prayed from that contained in the original petition, a subsequent order was entered by a judge other than the trial judge, overruling a motion to strike the amended petition and granting the prayer of the petition such order was entered without jurisdiction, and a subsequent order entered during vacation by the trial judge was also without jurisdiction.

3.   COURTS—*what is extent of jurisdiction of Circuit Court on appeal from County Court.*   The Circuit Court on appeal from the County Court has no greater jurisdiction than the County Court had, and unless the County Court had jurisdiction to grant the relief prayed in the petition in question as amended after the appeal, the Circuit Court had no jurisdiction so to do on an appeal.

4.   JUDGES, § 8*—*when decree in vacation not validated by prior decree during term.*   A decree entered during a term by a judge other than the trial judge at the request of the latter, and which had no binding effect, did not give validity to a subsequent decree entered by the trial judge in vacation without consent of the parties.

Error to the Circuit Court of Richland county; the Hon. CHARLES

. *See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

H. MILLER, Judge, presiding. Heard in this court at the March term, 1919. Reversed. Opinion filed November 7, 1919. Rehearing denied December 13, 1919.

JOHN LYNCH, for plaintiff in error.

T. C. REED and GEE & GEE, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

A writ of error was sued out of this court to reverse a judgment for $2,915.26, with interest and costs, rendered by the Circuit Court of Richland county, in favor of defendant in error and against plaintiff in error.

One John H. Johns, of Richland county, Illinois, died testate on November 30, 1907. His will was admitted to probate January 6, 1908. Plaintiff in error was nominated in said will as executor to serve without bond and was appointed as such by the County Court of said county. By the third clause of the will, testator created a trust fund of $10,000 in favor of certain parties with various contingencies, and appointed plaintiff in error executor of said will and also trustee of said trust fund of $10,000 and provided among other things that plaintiff in error as such executor shall pay to himself as such trustee said trust fund and that he "shall keep the whole of said amount, as near as possible, with safety in his judgment, invested in interest bearing notes, mortgages and bonds, or in the stock of corporations or joint stock companies."

Defendant in error was made residuary legatee under said will.

Plaintiff in error as executor proceeded to administer the estate, paid claims and legacies, and in February, A. D. 1909, after the expiration of the time for filing claims against the estate, said executor filed a

petition in the County Court setting up the provisions of the will in relation to the trust and residuary estate, alleging that the will made no provision for the payment of the expenses of operating the trust and prayed that the court enter an order for the executor to pay to the trustee the sum of $2,000 to be by him invested and the proceeds thereof used to defray expenses of operating the trust, and that at the expiration thereof to be then paid to the residuary legatee.

A hearing was had, the prayer of the petition was granted, and an order entered allowing the executor to pay to the trustee the sum of $2,000 for the purpose aforesaid. On May 22, 1909, the executor filed his final report showing payment of all claims filed and the payment of $500 to defendant in error, being the balance of special legacy to her; also showing payment to her of $39.95 as balance due her as residuary legatee. Upon filing this report the court on motion entered an order directing the character of the notice to be given for hearing on the report. The notice was given and proof thereof made accordingly on June 7, 1909. Whereupon the report was approved and the executor discharged.

Defendant in error filed a petition in the County Court on December 20, 1909, setting up the provisions of the will relative to the legacies and trust, reciting that the thirty-four shares of bank stock of the Olney Bank was worth $4,250, whereas the executor had turned the stock over to the trustee at a valuation of $3,400; that $2,000 funds of the residuary estate had been by said executor turned over to said trustee to be by him invested and the proceeds used to defray the expenses of said trust; that through fraud or mistake items which were shown to be assets in the inventory are not accounted for, and that the sum of $1,138.63 allowed the executor as compensation was unreasonable, unjust and wholly disproportionate to the services rendered. The petition prayed that the

report be set aside and that the trustee be required to make a report showing how the trust funds were invested, and for general relief.

The cause was continued from time to time until the September term, 1913, when upon hearing the petition was dismissed for want of jurisdiction by the court. Defendant in error prayed, and was allowed, an appeal to the Circuit Court. Said cause was docketed in the Circuit Court at the November term, 1913, and was continued from term to term until the November term, 1916, at which said time said cause came on to be heard before Hon. Charles H. Miller, one of the judges in said circuit. The evidence was heard and the cause was taken under advisement by said judge. The docket shows the case continued by agreement or by operation of law from then on until the April term, 1918. Prior, however, to the April term, in March, 1917, and after the hearing of the evidence by the Hon. Charles H. Miller, an amended petition was filed in said Circuit Court by defendant in error, making radical changes in the relief prayed for from that contained in the original petition filed in the County Court. On the first day of the April term, 1918, the Hon. J. C. Eagleton then presiding, entered orders as follows: ''Now at this time, it being the 15th day of April A. D. 1918, and the first judicial day of the present term of this Court, motion to strike amended petition from files overruled by the Court. Respondent excepts, prayer of amended petition granted as prayed. John H. Senseman, trustee, ordered to pay petitioner the sum of $2,000, with legal interest from the 20th day of February, 1909. Respondent excepts. Now at this time, it being the 16th day of April A. D. 1918, and the second judicial day of the present term of this Court, exception and motion filed by respondent, John H. Senseman, to the order of C. H. Miller, trial judge, and proof of notice to attorney for petitioner filed. Cause continued.''

No formal order was filed in said cause. The April term adjourned. The July term, 1918, came on and adjourned and thereafter on the 9th day of August, 1918, a purported decree signed by the Hon. Charles H. Miller was filed in the clerk's office of said court and was entered on the court records, in and by which said decree, plaintiff in error in his individual capacity was ordered to pay to defendant in error the sum of $2,915.26, together with costs of suit. To reverse said decree this writ of error is prosecuted.

One of the main grounds relied upon by plaintiff in error for a reversal of this cause is that the record shows that the Hon. J. C. Eagleton, who made the minutes at the April term, 1918, in connection with the purported judgment or decree rendered against plaintiff in error, had never heard said cause and had no jurisdiction to hear the same for the reason that said cause had been heard by the Hon. Charles H. Miller in November, 1916, and had been taken by him under advisement, and further that the order or decree signed by the Hon. Charles H. Miller and which was filed on August 9, 1918, in vacation after the July term, 1918, was without authority of law and not binding on the parties thereto. We are of the opinion that this assignment of error is well taken.

In *Bruce v. Doolittle*, 81 Ill. 103, the Supreme Court at page 108 says: "Upon a careful examination of the evidence, we are satisfied that the facts found by the court were fully authorized by the testimony, and that the order entered was proper. But after the court had heard the evidence, the court adjourned for the term, and the judgment of the court was entered in vacation. Appellant was not present nor did he consent. The rendition of the judgment in vacation was error, for which the judgment must be reversed and the cause remanded."

In *Chicago, B. & Q. R. Co. v. Wingler*, 165 Ill. 634, the court at page 636 says: "There is no escape from

the conclusion that the court was without power to enter the judgment *nunc pro tunc* as of the previous term. The rule forbidding such a practice is too well settled to admit of question, and must have the approval of all persons interested in judicial records."

In *Cameron v. Clinton*, 259 Ill. 599, the Supreme Court at page 601 says: "This decree bears the signature of the judge who presided at the hearing, and the notation, 'Filed August 2, 1911, as of May 3, 1911.' From this record it appears. that no decree was entered of record during the April term, but that the draft of the decree was presented for record to the clerk of the court on the 2d day of August, which was in vacation, and was by him filed on that day as of the day the hearing was concluded at the April term and entered of record. No memorial paper or minute appears showing what the decree to be entered 'as per draft to be filed' was or in whose favor it was. The cause was not taken under advisement and there was no stipulation for the entry of a decree in vacation." The court further says in said opinion at page 602, discussing the case of *Hughs v. Washington*, 65 Ill. 245: "The court said, in substance, that a decree is inchoate until it is approved by the chancellor and filed for record or recorded; that the oral announcement by the chancellor of his decision and the grounds upon which it is based, or reducing them to writing, is no more than minutes taken, and the whole matter is completely under the control of the chancellor until the decree has been filed or recorded, and that is the time the case is decided." Further in said opinion the court says on page 603: "Defendants in error make no denial that the decree was, in fact, not entered of record until August 2, but insist that as it is entitled as of the April term it would be, in effect, impeaching the record to say it was not entered at that term. With this we cannot agree. As we view it, the record shows the decree was not entered until August

2, which was long after the adjournment of the April term, at which the cause was heard. The decree contains no order for a certificate of evidence or for an appeal, and we cannot give our approval to a practice that would be so prejudicial to a defeated litigant.''

In this case, notwithstanding the fact that plaintiff in error had filed written exceptions to the minutes entered touching this case on April 15, 1918, no certificate of evidence and no order for appeal was given in the decree filed on August 9, 1918. We hold in this case that the orders entered by the Hon. J. C. Eagleton at the April term, 1918, had no binding effect on the parties hereto and that the decree filed in vacation signed by the Hon. Charles H. Miller was in fact a decree rendered in vacation without the consent of the parties hereto and was for that reason of no binding force or effect as against them.

As we understand, the orders entered by the Hon. J. C. Eagleton were made at the request of the Hon. Charles H. Miller, but however they were entered they would not be sufficient to give force and validity to the decree filed on August 9, 1918.

Counsel on both sides have argued to considerable extent the question as to whether or not the County Court had jurisdiction on the petition filed to grant the relief prayed in that petition and as to whether the Circuit Court could grant such relief on appeal. It goes without saying that the Circuit Court on an appeal from the County Court has no greater jurisdiction than the County Court had, and unless the County Court had jurisdiction to grant the relief prayed in the amended petition, the Circuit Court would not have jurisdiction so to do on an appeal. *Beesman v. City of Peoria,* 16 Ill. 484; *Shirk v. Trainer,* 20 Ill. 301; *Dodge v. People,* 113 Ill. 491; *Western U. Tel. Co. v. Dubois,* 128 Ill. 248.

The original petition alleges the wrongful payment of $2,000 from the residuary fund to plaintiff in error

to be loaned by him and the income therefrom to be used to pay his fees as trustee, taxes and other expenses incident to said trust, and also alleges that plaintiff in error as such executor had failed to inventory certain assets as required by law, and that some of said assets had not been accounted for and prays among other things that plaintiff in error in his capacity as trustee, "be ordered to make a report of his acts and show how he has the funds invested, and how secured, and that he be required to give bond for the faithful performance of the trust." While the amended petition prays, "that the order of said County Court so made on the 20th day of February, 1909, and at the July term, 1909, approving same, be set aside and vacated and held for naught, for the reasons herein set out, and that the said John H. Senseman be ordered by this court to pay to the petitioner herein the said $2,000 with legal interest from the 20th day of February, 1909."

We have considered both of these petitions and are of the opinion that the County Court had no jurisdiction to enter the same and that therefore the Circuit Court on appeal had no jurisdiction so to do. That whatever relief, if any, defendant in error may be entitled to, the same would be in a court of equity, where matters of trust or accounting are matters peculiar to the jurisdiction of a court of equity, as well as matters of fraud, accident or mistake, inferentially charged in one or both of said petitions.

For the reasons above set forth the judgment of the trial court will be reversed.

*Reversed.*