## Frank B. Brown, Appellee, v. Mary Hamsmith and Earle W. Brown, Administrators of the Estate of James P. Brown, Deceased, et al., Appellants.

### Gen. No. 7,729.

1. JUDGMENTS AND DECREES—*sufficiency of evidence for entry nunc pro tunc at subsequent term.* A docket entry by a court reciting an order "that a decree be and the same is hereby granted" is not a sufficient minute or memorial paper of record to give the court jurisdiction to order the filing of a decree *nunc pro tunc* at a subsequent term.

2. JUDGMENTS AND DECREES—*right to enter nunc pro tunc at subsequent term.* A court has no right to enter a judgment *nunc pro tunc* at a subsequent term unless the judgment was in fact rendered at the previous term and was not entered of record through some fault, neglect or oversight.

3. JUDGMENTS AND DECREES—*necessity of minutes for entry nunc pro tunc at subsequent term.* The fact that a court gave judgment at a previous term, or the basis for the entry of a judgment *nunc pro tunc* at a subsequent term, can be proved only by some minute or memorial paper in the case made at the previous term.

4. JUDGMENTS AND DECREES—*settling of decree at subsequent term.* The settling of a decree is a judicial act and cannot be performed by a judge in vacation or at a subsequent term.

5. APPEAL AND ERROR—*appeal bond recital not operating as estoppel to question decree.* An appellant, having directly attacked a purported decree for lack of jurisdiction of the court to enter it *nunc pro tunc* at a subsequent term, is not estopped to question the validity of the decree because of the recital in the appeal bond that a decree was obtained.

6. ABATEMENT AND REVIVAL—*pendency of another suit in court of different jurisdiction.* The pendency of a petition to the county court by the administrators of the estate of a mortgagee for a citation under the Administration Act, sections 81 and 82, Cahill's St. ch. 3, ¶¶ 82 and 83, to require the holder of notes and mortgages to account for the same to the estate, is not a bar to a subsequent bill in equity by the holder, claiming the notes and mortgages as a gift, to require the administrators to release the mortgages as a cloud on title, although the amendment in 1925 of the Administration Act, section 81, Cahill's St. ch. 3, ¶ 82, subsequent to the filing of the petition for the citation, gave the county court power to adjudge controverted questions of title.

7. COURTS—*concurrent jurisdiction.* Where a court of equity has concurrent jurisdiction with a court of law, the court which first acquires jurisdiction must hold and exercise it until the litigation is ended.

8. QUIETING TITLE—*equitable nature of proceeding.* A bill in equity by one claiming mortgages as a gift to require the administrators of the deceased mortgagee to release the mortgages as being a cloud on title is proper, as such relief is not offered by courts of law.

9. QUIETING TITLE—*unreleased mortgages as cloud on title.* Where a father makes a gift of notes and mortgages to a son, the mortgagor, but does not, because of feeble health, carry into effect his intention to release the mortgages, the son is entitled to a decree on a bill in equity to require the administrators of the father's estate to release the mortgages as being a cloud on title.

10. GIFTS—*unindorsed note.* An unindorsed promissory note is a subject of gift.

11. GIFTS—*delivery of notes and mortgages by father to son.* The delivery by a father of notes and mortages to a son, who had executed the documents, with the statement that they were turned over to the son so that the son would have the property clear and be out of debt was a valid gift.

12. APPEAL AND ERROR—*leave to answer and take testimony after remand.* Where a court rules that defendants' plea does not bar the suit and decrees relief upon defaulting the defendants for not filing an answer *instanter,* upon reversing the decree because of error in entering it *nunc pro tunc,* the cause was remanded with directions to let the defendants answer the bill and take evidence, it not appearing that defendants had an opportunity to answer after their plea had been held to be insufficient.

Appeal by defendants from the Circuit Court of Boone county; the Hon. EDWARD D. SHURTLEFF, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded with directions. Opinion filed October 28, 1927. Petition for rehearing withdrawn.

THOMAS M. CLIFFE and G. E. STOTT, for appellants.

WILLIAM L. PIERCE and ALEXANDER J. STROM, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

Appellee filed a bill in the circuit court of Boone county against appellants, setting forth that he was the owner and in possession of certain real estate located in the town of Belvidere; that he acquired title thereto by warranty deed on February 20, 1912,

and that on said date he, with his wife joining him, executed, acknowledged and delivered to his father, one James P. Brown, a mortgage securing a note in the sum of $4,600 due five years after date; that thereafter on March 2, 1914, appellee, with his wife joining him, executed, acknowledged and delivered to his said father another mortgage on said premises, securing two promissory notes of even date therewith for the principal sum of $3,000 each, given by said mortgagors to said mortgagee; that thereafter, on the 4th day of November, 1923, the said James P. Brown departed this life intestate, and that appellants Mary C. Hamsmith and Earle W. Brown were by the county court of said county appointed administrators of the estate of said deceased.

It is further averred in said bill that, prior to the death of the said James P. Brown, he delivered to appellee said notes and mortgages, stating at the time of said delivery, "Now, Frank, here are the mortgages and notes on your barn in Belvidere I have decided to turn them over to you now so that you will have your barn clear and you will be out of debt"; that complainant came into possession of said notes and mortgages at that time, and retained the same until after the death of his said father; that the said James P. Brown departed this life as above set forth, without having released said mortgages, and that complainant thereafter requested said administrators to release the same tendering proper releases therefor to be executed by them, with the necessary funds to cover the expenses incident thereto, and that said administrators had failed and refused to execute the same.

Said bill further averred that the complainant "is ready, willing and able to pay said administrators any sum or sums of money that may be adjudged by this Honorable Court to be due or payable from him to the estate of James P. Brown, deceased, and he tenders his willingness, readiness and ability to pay over or

to amply secure payment of any sum or sums of money that this Honorable Court may ascertain, if any, and determine that your orator owes to said estate or to the said administrators representing said estate.''

Said bill avers that said mortgages constituted a cloud on his title, and prays that said administrators be ordered to execute proper releases of said mortgages, and that in default thereof a commissioner be appointed to execute the same.

To said bill of complaint, appellants Carrie R. Reed and James L. Brown, daughter and son of said deceased, filed answers, denying the material allegations of said bill. Appellants Mary Hamsmith and Earle W. Brown, administrators of said estate, filed a plea setting forth that Mary Hamsmith as such administrator had filed a petition for citation against appellee in the county court of DeKalb county on the probate side, under sections 81 and 82 of the Administration Act, Cahill's St. ch. 3, ¶¶ 82 and 83, and charging in said petition for citation ''that the complainant in the above entitled cause, Frank B. Brown, had in his possession the notes and mortgages described in the bill of complaint therein, claiming the same by an alleged gift from the deceased, * * * that she is informed and believes that Frank B. Brown, one of the heirs of said estate, has in his possession or has concealed goods, chattels, moneys, effects, * * * belonging to said deceased in his lifetime * * *; and that said Frank B. Brown refuses to give to said administrators such knowledge or information, or to account for property of said deceased in his possession or control,'' praying that appellee be cited into court, examined under oath, etc., and that the court ''may make such order in the premises as the case may require.'' It is further averred in said plea that appellee came into court ''and submitted himself in person to the jurisdiction of said court and was sworn

and examined under said citation as to the ownership of said notes and mortgages described in said bill of complaint, and the proceedings by way of citation and this said action is still pending and undetermined in the county court of DeKalb county."

A replication was filed to the answer of appellants Carrie R. Reed and James L. Brown and it was ordered that the hearing on said plea be set for Saturday, November 28, 1925.

Said cause was subsequently reallotted for December 19, 1925, June 19, 1926, and July 24, 1926. It is conceded that no action was taken on July 24, 1926, and that there was no court on that day, and that on July 29 the following entry was made by the court, "that all defendants be and they are hereby ruled to answer instanter. It is further ordered that defendants not heretofore defaulted, being Mary Hamsmith and Earle W. Brown, are now held in default, and the court after hearing all the evidence orders that a decree be and the same is hereby granted."

It is conceded and the record discloses that on September 27, 1926, the presiding judge signed the following order: "The above and foregoing decree is hereby ordered and directed to be entered and filed, *nunc pro tunc* as of the 29th day of July, 1926; and the clerk of this court is ordered and directed to so file the same, and thereupon said decree is to have the same force and effect and full force and validity as of the date of filing thereof."

An order appears, following the last-mentioned order, granting to the defendants in said proceeding, jointly or severally, an appeal to the Appellate Court "upon filing their bond in the penal sum of $200 with sureties to be approved by the clerk of this court within 30 days from the date of this order, and 60 days time allowed to file a certificate of evidence."

An appeal bond was filed by appellants Mary Hamsmith, Earle W. Brown, James L. Brown and Thomas

M. Clift, on August 18, 1926. The record discloses that the certificate of evidence was filed on September 9, 1926. The decree as filed held that the plea of former suit pending was not a bar to the relief prayed in said bill, and found in detail the facts averred in said bill, and that the said James P. Brown, father of appellee, had delivered to appellee said notes and mortgages in his lifetime as a gift to him as averred in said bill, granted the relief prayed for in said bill, and ordered that said administrators release said mortgages of record.

It is first contended by counsel for appellants for a reversal of said cause that the court was without jurisdiction on September 27, 1926, being the first day of the September term of the Boone county circuit, to enter an order directing the clerk to file the purported decree appearing in said record *nunc pro tunc* as of July 29, 1926, one of the days of the April term of said court, for the reason that there was no sufficient memorial paper or docket entry in the record or files of said court on which to base the findings and decretal order therein appearing.

The record discloses and it is conceded that the only docket entry made by the court on July 29 was the following: "It is ordered by the court that all defendants be and the same are hereby ruled to answer instanter. It is further ordered that defendants not heretofore defaulted, being Mary Hamsmith and Earle W. Brown, are now held in default, and the court after hearing all the evidence orders that a decree be and the same is hereby granted," and that the decree in fact was not filed until September 27, 1926. This being conceded to be the state of the record, we are of the opinion and hold that the court was without jurisdiction to enter the decree in question and to order the same filed *nunc pro tunc* as of July 29, 1926.

It is well settled that a court has no right to enter a judgment *nunc pro tunc* at a subsequent term, unless

the judgment was in fact rendered at the previous term, and was not entered of record through some fault, neglect or oversight; and in such case the fact that the court did give judgment at the previous term can only be proved by some memorial paper or minute in the case made at such former term. *Chicago, B. & Q. R. Co. v. Wingler,* 165 Ill. 634–635; *Dougherty v. People,* 118 Ill. 160–164; *Tynan v. Weinhard,* 153 Ill. 598–606; *Stein v. Meyers,* 253 Ill. 199–205.

The judgments and decrees of courts cannot rest in parol or upon so uncertain a foundation as the personal recollections of the judge or any other person, and the fact that a judgment was rendered at a former term cannot be determined from the memory of the witnesses or the personal recollections of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was in fact pronounced, it cannot be so entered. *Chicago, B. & Q. R. Co. v. Wingler, supra,* 635, citing *Coughran v. Gutcheus,* 18 Ill. 390; *Dougherty v. People, supra; Ayer v. City of Chicago,* 149 Ill. 262; *Chicago, M. & St. P. Ry. Co. v. Walsh,* 150 Ill. 607; *Tynan v. Weinhard, supra.*

In *Cameron v. Clinton,* 259 Ill. 599, the court in discussing a question of this character at page 603 says: " 'Where there is no minute or memorial paper in the records of the court to show that judgment was, in fact, pronounced, it cannot be so entered.' Paragraph 65 of chapter 67 of Hurd's Statutes of 1911 authorizes a judge of the circuit court or superior court of Cook county to enter a judgment or decree in vacation when the cause is taken under advisement and decided in vacation, and paragraph 66 provides that if it is stipulated of record that a judgment or decree so entered of record (*i. e.,* in vacation,) shall be final, such judgment or decree shall have the same force and effect as if it had been entered at the term preceding, subject to the right of appeal or writ of error.

"Defendants in error make no denial that the decree was, in fact, not entered of record until August 2, but insist that as it is entitled as of the April term it would be, in effect, impeaching the record to say it was not entered at that term. With this we cannot agree. As we view it, the record shows the decree was not entered until August 2, which was long after the adjournment of the April term, at which the cause was heard. The decree contains no order for a certificate of evidence or for an appeal, and we cannot give our approval to a practice that would be so prejudicial to a defeated litigant." *Hughs v. Washington,* 65 Ill. 245–249; *Moore v. Shook,* 276 Ill. 47–52.

The settling of a decree is a judicial act, and one that cannot be performed by a judge in vacation, or at a subsequent term. *Bruce v. Doolittle,* 81 Ill. 103–108; *Cameron v. Clinton,* 259 Ill. 599; *Blair v. Reading,* 99 Ill. 600–609.

This court in *Augustine v. Doud,* 1 Ill. App. 588, in passing on a question of this character at page 594 says:

"It has not escaped our observation that appellee denies the right of appeal from the decree in this case, rendered at the March term, because it was not allowed until the following November. The appeal, it should be borne in mind, was prayed at the March term when the decree purports to have been rendered. Though it is said and not denied, that the reason no action was taken upon the prayer arose from the fact that the decree was not rendered at that term, but was afterwards signed in vacation. If such was actually the case it would have been a good reason for setting it aside. For we are not aware of any authority in the Circuit Judge to sign a decree in vacation, unless where the case is taken under advisement, according to sec. 47–332 of the revised laws of 1874, or by consent of the parties to the suit, including those in default as well as all others. The position assumed that

the court after a case has been decided may direct the attorney to draw up a decree, and that it can be signed in vacation by the judge, while those objecting to the decision cannot appeal at that term because there is no decree to appeal from, and that any appeal taken from the decree rendered in vacation at a subsequent term would be of no avail, is not only a singular but an anomalous one. The court, it is said, declared the ground of its decision; the defendants prayed an appeal, but the court refused to allow it because there was no decree to appeal from. A decree was prepared and signed by the judge in vacation when there was no power to grant the prayer except by consent; then if it was too late at the next term to allow it, the right of appeal was entirely lost. This would be a construction of the law calculated to abridge one of the most important rights secured to every suitor." The order entered on July 29, "that a decree be and the same is hereby granted," is wholly insufficient as a minute or memorial on which to base a decree. There is nothing to show in whose favor the decree is granted, what its findings are to be, or what the decretal order should be.

Counsel for appellee insist that appellants are in effect estopped to raise this question by virtue of the appeal bond filed by them on August 18, 1926, in which bond it is recited that appellee obtained a decree against "the above bounden Mary Hamsmith and Earle W. Brown in a suit in chancery to quiet title." In support of this contention, counsel cite certain cases, holding that the principal and sureties on an appeal bond are estopped to raise the question that a valid judgment was not entered, in a suit at law to recover on the bond. Those cases do not reach this situation. In those cases suit was on the appeal bond, and the attack on the judgment was a collateral one, which the obligees on the bond could not make. No authorities were cited, and we are convinced none can

be found, holding that in a direct attack on a purported judgment or decree, an appellant would be estopped to question the validity of such judgment or decree, by reason of having entered into an appeal bond.

In *Bruce v. Doolittle,* 81 Ill. 103, the court in passing on the right to appeal from a judgment which the court entered without authority, on page 108 says: "Upon a careful examination of the evidence, we are satisfied that the facts found by the court were fully authorized by the testimony, and that order entered was proper. But after the court had heard the evidence, the court adjourned for the term, and the judgment of the court was entered in vacation. Appellant was not present nor did he consent.

"The rendition of the judgment in vacation was error, for which the judgment must be reversed and the cause remanded. The court is, however, directed to enter the judgment when court again convenes."

"Judgments entered without jurisdiction are void, and will be so held in a collateral proceeding." *Ayer v. City of Chicago,* 149 Ill. 262–269, citing 12 Am. & Eng. Ency. of Law, p. 1470.

For the reasons above stated, the cause will have to be reversed and remanded, in order that the court may enter a proper decree, as the court was without authority to order the filing of the decree in question *nunc pro tunc* as of July 29, 1926. There are other questions arising on the record which we feel should be passed on in reversing the cause.

It is seriously contended by counsel for said administrators that the court erred in not setting down their plea for argument as to its sufficiency. While under the practice in this State, pleas of this character should be set down for argument as to their sufficiency, at the same time we are of the opinion and hold that the fact that the same was not so set down for argument prior to the hearing on said cause was not prej-

udicial to appellants, said administrators, for we are of the opinion and hold that said plea, setting forth said proceedings in the county court of DeKalb county, was not a bar to the relief sought under the bill in this case.

Prior to the amendment to section 81 of the Administration Act, Cahill's St. ch. 3, ¶ 82, which went into effect July 1, 1925, the courts have held that the county court was without jurisdiction to adjudicate the title to property involved. *Moore v. Brandenburg,* 248 Ill. 232; *Day v. Bullen,* 226 Ill. 72; *Martin v. Martin,* 170 Ill. 18; *Dinsmoor v. Bressler,* 164 Ill. 211; *Bates v. Lutz,* 220 Ill. App. 54; *Hicks v. Monahan,* 209 Ill. App. 516; *Hays v. State Bank of Saybrook,* 202 Ill. App. 535; *Rone v. Robinson,* 188 Ill. App. 438.

The courts had held prior to said amendment that proceedings under sections 81 and 82 of the Administration Act, Cahill's St. ch. 3, ¶¶ 82 and 83, are neither proceedings at law or in chancery, but are purely statutory proceedings. *Williams v. Runyon,* 230 Ill. App. 199–202; *Hannah v. Meinshausen,* 299 Ill. 525; *Nadig v. Turner,* 291 Ill. 513; *People v. Hill,* 163 Ill. 186; *Sullivan v. Arcola State Bank of Arcola,* 314 Ill. 40; *Sebree v. Sebree,* 293 Ill. 228; *People v. Seelye,* 146 Ill. 189; *Joseph Davis, Cory & Co. v. Chicago Dock Co.,* 129 Ill. 180; *Preston v. Spaulding,* 120 Ill. 208.

They have been defined to be summary proceedings to compel persons alleged to have in their possession or to have concealed property belonging to an estate, to discover and disclose under oath such property.

Counsel for appellants practically concede that prior to the amendment which went into effect July 1, 1925, and which added these words: "The court shall have power to hear, settle and adjudge all controverted questions of title and claims of adverse title and to determine the right of property.

"Such questions of title and of rights of property, and such claims of adverse title shall be determined,

upon the demand of either party, by a trial by jury.''
A probate court would not have jurisdiction to de-
termine questions of title, but contend that said amend-
ment did not disturb vested rights but had only to do
with remedies, and that effect should be given thereto,
even though such statute might have been passed and
gone into effect after a proceeding had been instituted,
and cite in support thereof *Otis Elevator Co. v. In-
dustrial Commission,* 302 Ill. 90.

We have examined this authority, and are of the
opinion that it does not support the contention of ap-
pellants. The petition filed in the probate court of
DeKalb county was filed on the 5th day of January,
1925, nearly six months prior to the passage and tak-
ing effect of the amendment to section 81, Cahill's St.
ch. 3, ¶ 82. The bill for relief herein was filed on the
17th day of April, 1925. The plea filed to said bill
avers that at the time of the filing of the bill in this
case the county court had jurisdiction to determine
the questions sought to be litigated by the bill filed in
this case. Under the authorities above cited, the
county court of DeKalb county at the time of the
filing of said petition for citation did not have jurisdic-
tion to adjudicate the title to the property here in
question. The bill was filed more than two months
prior to the taking effect of said amendment. It is
conceded that, but for the petition for citation in the
county court of DeKalb county, the circuit court of
Boone county, under the bill filed in this case, would
have jurisdiction to adjudicate the questions involved
in the chancery proceeding. We therefore hold that,
inasmuch as the relief sought by the bill in this case
was of a character of which a court of chancery had
jurisdiction, and inasmuch as, at the time said bill was
filed, the county court of DeKalb county did not have
jurisdiction to adjudicate the title to the property in-
volved, even though it be conceded that under the
amendment to section 81 the county court would have

had jurisdiction to have determined the title to said property, the jurisdiction of a court of equity would not be thereby taken away, once having been acquired.

In cases where a court of equity has concurrent jurisdiction with a court of law, the court which first acquired jurisdiction must hold and exercise it until the litigation is ended. *Whitney v. Stevens*, 97 Ill. 482–487. The jurisdiction of the court first acquiring it excludes that of all other courts to the end of the controversy. *St. Louis Merchants' Bridge Co. v. Eisele*, 263 Ill. 50–53. It is elementary that the court first lawfully obtaining jurisdiction will retain it until the end of the controversy, and to the exclusion of all others; also that no other court, even of concurrent jurisdiction, can or will make findings or orders which have any bearing upon the issues in the court originally entertaining the cause. *Nolan v. Barnes*, 268 Ill. 515–520, citing *Mail v. Maxwell*, 107 Ill. 554–561.

The removal of clouds from a title to real estate is a subject of equity jurisdiction, and relief of that character is not afforded by courts of law. Application to the court of equity was proper. *Schnellbacher v. Jobst*, 271 Ill. 319–325.

We are further of the opinion and hold that the petition filed in the county court, and which was not afterwards amended, did not purport to adjudicate the title to the property in question, but was for the purpose of compelling appellee to disclose property and estate which the administrators of said estate were claiming as assets thereof.

The amendment to section 81 provides for a trial by jury. There is no right to a trial by jury in a court of chancery, unless the same is provided by statute. It cannot therefore be said that this amendment took away the jurisdiction of the court of equity to entertain a bill of this character, even though a citation proceeding might be pending at the time.

While the entry made by the circuit court of Boone county, setting the hearing of said cause for July 24, 1926, that the parties, if they desired, might offer additional testimony, the purported certificate of evidence discloses that the appellee had rested his case, and that the appellants submitted the same without offering evidence. If no additional testimony be offered, and the cause be submitted on the testimony heard we are of the opinion and hold that the evidence fully warrants a finding in favor of appellee to the effect that his father had given him the notes and mortgages in question, and that he had contemplated releasing the same of record prior to his death, but on account of his feeble health, did not carry such intention into effect, and that appellee was entitled to the relief prayed.

Some question was raised with reference to the making of a gift of unindorsed notes so as to pass the title thereto to the donee. Unindorsed negotiable instruments are subject of gift, and the delivery and possession of such securities is as effectual as if they were indorsed and assigned. *Rothwell v. Taylor,* 303 Ill. 226–230; *Martin v. Martin,* 174 Ill. 371.

The undisputed evidence in this record is to the effect that the father of appellee had delivered the notes and mortgages to appellee with the intention of making him a gift thereof, and that the delivery thereof was completed in appellee.

Other errors were assigned on the record, but it will not be necessary for us to pass on the same. It does not satisfactorily appear as to whether or not on July 29, 1926, the day the court ruled all the defendants to the bill, not having answered, to answer the same instanter, that appellants, the administrators of said estate, were present and had the opportunity of answering said bill after the court held their plea insufficient, and as to whether or not they desired to offer any evidence on the merits of said cause. This

being the state of the record, we think, on the remandment of said cause, that appellants, administrators of said estate, should be given leave to answer said bill and to offer testimony, if they so desire. If they elect not to offer testimony, or to answer said bill, then a decree should be entered on the evidence taken, granting the relief to appellee as prayed for in said bill. This holding is supported by *Bruce v. Doolittle, supra.*

For the reasons above set forth, said cause will be reversed and remanded with directions.

*Reversed and remanded with directions.*